Oral Argument Not Yet Scheduled

---

No. 25-5124

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., et al.,
Plaintiffs-Appellees,
v.
DONALD J. TRUMP, in his official capacity as President of the United States, et al.,
Defendants-Appellants.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:25-cv-00766
The Hon. James E. Boasberg

**[CORRECTED PROPOSED] BRIEF OF AMICUS CURIAE LANDMARK LEGAL FOUNDATION IN SUPPORT DEFENDANTS-APPELLANTS**

Richard P. Hutchison
Landmark Legal Foundation
Counsel of Record
3100 Broadway, Suite 1210
Kansas City, MO 64111
Tel: (816) 931-5559
Email: pete.hutch@landmarklegal.org

Michael J. O'Neill
Landmark Legal Foundation
19415 Deerfield Ave., Suite 312
Leesburg, VA 20176
Tel: (703) 554-6105
Email: mike@landmarklegal.org

Matthew C. Forys
Landmark Legal Foundation
19415 Deerfield Ave., Suite 312
Leesburg, VA, 20176
Tel: (703) 554-6104
Email: matt@landmarklegal.org

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to Federal Rule of Appellate Procedure 28(a)(1), and D.C. Circuit Rule 28(a)(1), counsel for Amicus Curiae Landmark Legal Foundation hereby submits the following Certificate as to Parties, Rulings and Related Cases.

1. **Parties**

    a. Plaintiff-Appellees in Case No. 1:25-00766

The Plaintiffs-Appellees in this case are J.G.G., G.F.F., J.G.O., W.G.H., and J.A.V.

    b. Defendants-Appellees Case No. 1:25-00766

The Defendants-Appellees in this case are Donald J. Trump, Pamela Bondi, Kristi Noem, United States Department of Homeland Security, Madison Sheahan, U.S. Immigration and Customs Enforcement, Marco Rubio, United States Department of State.

    c. Intervenors

Based upon the Court's docket sheet, Amicus Curiae Landmark Legal Foundation is unaware of any entities that have thus far moved to intervene in the present case.

    d. Parties Below

The following parties appear on the official service list maintained by the U.S. District Court for the District of Columbia.

i. Plaintiffs

    J.G.C.

    G.F.F.

    J.G.O.

    W.G.H.

    J.A.V.

ii. Defendants

    Donald J. Trump in his official capacity

    Pamela J. Bondi, in her official capacity

    Kristi Noem, in her official capacity

    U.S. Department of Homeland Security

    Madison Sheahan, in her official capacity

    U.S. Immigrations and Customs Enforcement

    Marco Rubio, in his official capacity

        U.S. State Department

iii.    Movants

        The Honorable Brandon Gill

        Janice Wolk Grenadier

        John W. Keker

        Robert A. Van Nest

        Elliot R. Peters

        Laurie Carr Mims

        Coolidge Reagan Fdn.

iv.    Amicus

        Mark J. Rozell

        Heidi Kitrosser

        Mitchel A. Sollenberger

## 2. **Rulings Under Review**

Defendants-Appellants seek immediate stay pending appeal, or in the alternative, a writ of mandamus of the following order issued by Judge Boasberg of the District Court:

Court's Order and Memorandum Opinion entered April 16, 2025 (ECF Nos. 80 & 81) in *J.G.G., et al., v. Trump* (Case No.: 1:25-cv-00766-JEB) (beginning on p. 35 of Defendants-Appellants Notice of Appeal).

### 3. Case Previously Before the Court and Related Cases

The case was previously before the Court in case no. 25-5067 (*J.G.G. et al. v. Trump et al.*) and 25-5068 (*J.G.G. et al. v. Trump et al.*). Counsel is aware of the following related cases:

*A.A.R.P. & W.M.M. v. Trump et al.*, No. 24A1007 (U.S. Supreme Court)

*A.A.R.P. & W.M.M. v. Trump et al.*, No. 1:25-cv-00059-H (N.D. Tex.)

*A.A.R.P. & W.M.M. v. Trump et al.*, No. TBD (5th Cir.)

/s/*Richard P. Hutchison*

Richard P. Hutchison
Counsel of Record
Landmark Legal Foundation
3100 Broadway, Suite 1210
Kansas City, MO 64111
(816) 931-5559
Email: pete.hutch@landmarklegal.org

## TABLE OF CONTENTS

                                                                           Page

CERTIFICATE OF PARTIES, RULINGS AND RELATED
      CASES PURSUANT TO CIRCUIT RULE 28(a)(1)……………... 2

TABLE OF AUTHORITIES………………………………………... 7

GLOSSARY………………………………………………………… 7

STATEMENT REGARDING CONSENT TO FILE AND
      SEPARATE BRIEFING………………………………………… 8

CORPORATE DISCLOSURE STATEMENT…………………………... 8

STATUTES AND REGULATIONS…………………………………… 8

INTEREST OF AMICUS CURIAE…………………………………… 9

ARGUMENT………………………………………………………….. 9

      A. Preliminary Injunction Hearing………………………….. 10

      B. Preliminary Injunction Order………………………………….. 13

CONCLUSION……………………………………………………….. 15

CERTIFICATE OF COMPLIANCE………………………………….. 15

CERTIFICATE OF SERVICE…………………………………………… 16

# TABLE OF AUTHORITIES

Page

Cases

*Landmark Legal Fdn. v. EPA*, 272 F. Supp. 2d 70
    (D.D.C. 2003)……………………………………………. 9, 10, 14

Other

Transcript of Temporary Restraining Order and/or Preliminary Injunction Hearing Before the Honorable Royce C. Lamberth, United States District Judge, January 19, 2001 (filed March 26, 2001)……………………………………………………. 11, 12, 13

# GLOSSARY

| | |
|---|---|
| EPA | Environmental Protection Agency |
| FOIA | Freedom of Information Act |

## STATEMENT REGARDING CONSENT TO FILE AND SEPARATE BRIEFING

Counsel for Amicus Curiae requested consent of counsel of record, via email, during the morning of April 23, 2025. As of 5:00 pm Central Time neither party had either consented or objected to the filing of this brief.

Pursuant to Circuit Rule 29(d), Amicus Curiae certifies that a separate brief is necessary to provide the factual context surrounding a crucial and controlling district court decision on the timing at which a party is obligated to comply with an injunction.

## CORPORATE DISCLOSURE STATEMENT

Under Fed. R. App. P. 26.1 and D.C. Cir. Rules 27(a)(4) and 28(a)(1)(A), Amicus Curiae submits the following corporate disclosure statement:

Amicus Curiae is a non-profit, public interest legal organization. It has no parent corporations and does not issue stock.

*/s/ Richard P. Hutchison*

## STATUTES AND REGULATIONS

Pertinent materials are contained in Defendants-Appellant's motion.

## INTEREST OF AMICUS CURIAE[1]

Landmark Legal Foundation ("Landmark") is a national public interest law firm committed to preserving the principles of limited government, separation of powers, federalism, advancing an originalist approach to the Constitution, and defending individual rights and responsibilities.

## ARGUMENT

Defendants-Appellants rely on *Landmark Legal Fdn. v. EPA*, 272 F. Supp. 2d 70 (D.D.C. 2003) as controlling precedent that defendants are under no "judicial compulsion" to comply with injunctive relief until that relief is recorded in writing. Def. Appl. Emergency Motion For Stay at 17 ("Mot. for Stay"). Indeed, Defendants-Appellants note that the 7:25 pm minute order issued by the presiding judge did not contain language referenced in a hearing held earlier that day. Mot. for Stay at 5. Specifically, Defendants-Appellants note the presiding judge's oral statement "to turn around planes or to return already-removed aliens" was not present in the order. Id.

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than Amicus Curiae, its members, or its counsel made a monetary contribution to its preparation or submission. See Fed. R. App. 29(c)(5).

The importance of memorializing an injunctive order to ensure compliance is demonstrated in *Landmark Legal Fdn. v. EPA*. As Plaintiff in that case, Amicus Curiae is in a unique position to provide the factual context underlying a district court's decision to not hold a high ranking government official in civil contempt – including providing a true and accurate copy of the hearing transcript wherein the district court notified the parties that it would issue an order enjoining EPA.

The facts underlying *Landmark Legal Fdn. v. EPA* are not complicated. Landmark submitted a Freedom of Information Act (FOIA) request to the Environmental Protection Agency (EPA) seeking agency records relating to the issuance of regulations slated to be issued in the final months of the Clinton administration. EPA dragged its feet in responding to Landmark's request, prompting the initiation of a lawsuit. The imminent conclusion of the Clinton Administration, coupled with concerns that potentially responsive information could be destroyed during any transition period, spurred Landmark to seek a preliminary injunction enjoining EPA. Landmark submitted its motion on January 3, 2001.

**A. Preliminary Injunction Hearing**

Shortly thereafter, on January 19, 2001, Judge Royce C. Lamberth, acting as the emergency judge for the District Court for the District of Columbia, presided

over Landmark's preliminary injunction hearing. At the conclusion of the hearing, the following discussion occurred:

> **THE COURT:** I'll tell you, I don't think there is anything else you can say that is going to keep me from entering this preliminary injunction. I think in light of all of the violations that we've talked about here, the Court should not give the presumption of regularity to the agency to think that the agency will carry out its duties here. The plaintiff's motion for a preliminary injunction is granted. The Court will order that the agency takes steps to ensure the preservation of any of this information. I'll issue a written order this afternoon based on the hearing we've had today.
>
> **MR. HUMPHREYS (attorney representing EPA):** Okay.
>
> **THE COURT:** The EPA is enjoined from transporting, removing, or in any way tampering with any information potentially responsive to Landmark Legal Foundation's September 7th FOIA request.
>
> **MR. HUMPHREYS:** Okay. Now, is that – I want to get clarity from the Court. You've said that – if you would just read that order, Judge, one more time.
>
> **THE COURT:** Okay. I'm reading their motion from their proposed order. The only thing I may add to their proposed order is 'EPA and its agents and officials,' to make sure that people understand they're personally accountable to the extent they learn of the order.
>
> **MR. HUMPHREYS:** All right. So the extent of the order is basically just not to move, or tamper, or transport the documents?
>
> **THE COURT:** Right.
>
> **MR. HUMPHREYS:** And that's the extent of it?
>
> **THE COURT:** Right, pending further order of the court.
>
> **MR. HUMPHREYS:** Well, thank you very much, Judge.

**THE COURT:** I'll consult with Judge Roberts about whether he wants to keep the case or whether he's going to transfer the case, but that's all I need to do for today.

Anything else the plaintiff wants to say?

**MR. HUTCHINSON (sic) (attorney for Landmark):** Not at this time, Your Honor. Thank you. And is there a – will you be adding the language that you –

**THE COURT:** Yes. I'll have a written order shortly. I've got another hearing with 34 lawyers in the next courtroom I've got to go do, but as soon as I finish it, I'll be back.

**MR. HUMPHREYS:** Judge, could I ask the Court's indulgence – I know you're in a hurry – for just 30 seconds? I don't have a copy of that order. I'd like to maybe comment on it. I'm not so sure I will, but I just want to make sure – I want to get clarification since this Court has ruled against the agency.

**THE COURT:** Right.

**MR. HUMPHREYS:** The Court's indulgence for just a motion.

(Brief pause in proceedings)

**MR. HUMPHREYS:** Judge, I can live with this order.

**THE COURT:** All right.

**MR. HUMPHREYS:** Thank you very much.

**THE COURT:** All right.

(Whereupon, the proceedings in the above-entitled matter were adjourned at 10:27 a.m.)[2]

---

[2] Amicus Curiae attaches as Exhibit 2 a complete and accurate copy of the transcript of temporary restraining order and/or preliminary injunction hearing held on January 19, 2001.

12

Transcript of Temporary Restraining Order and/or Preliminary Injunction Hearing Before the Honorable Royce C. Lamberth, United States District Judge, January 19, 2001 (filed March 26, 2001), 29-31.

The importance of the written injunction becomes clear after reviewing this transcript: counsel for EPA (Mr. Humphreys) initially requested to read the written order to ensure the government understood its obligations. Then counsel for EPA sought leave from the court to again review the written order prior to agreeing to its contents. Review of the written injunction thus ensured parties understood their obligations.

During the hearing, the court explained that it would add language to the proposed written order: "I've got another hearing with 34 lawyers in the next courtroom I've got to go do, but as soon as I finish it, I'll be back." The delay proved crucial as it was later determined that EPA and high ranking officials (including then-Administrator Carol Browner) had engaged in conduct that *could* have been contumacious.

### B. Preliminary Injunction Order

Later in the day, Judge Lamberth issued a written order granting Landmark's application for preliminary injunction. The order enjoined EPA and its agents and

employees from removing or in any way tampering with information potentially responsive to Landmark's FOIA request.[3]

The timing of when Judge Lamberth signed and distributed a written order proved crucial in the litigation because EPA later revealed that it had deleted files residing on computer hard drives that potentially had contained records responsive to Landmark's request. It appeared that high ranking officials, specifically then-Administrator Carol Browner had possibly violated the court's order. Sometime in the day, Ms. Browner had directed tech officials for EPA to delete the contents of her hard drive – in apparent violation of the injunction.

The court, however, declined to hold Ms. Browner in contempt. While it was probable that Ms. Browner's directive to delete the contents of her hard drive had occurred subsequent to the preliminary injunction hearing that had concluded at 10:27 AM, it was unclear whether her directive occurred after the court's issuance of the written injunction. *Landmark Legal Fdn. v. EPA*, 272 F. Supp. 2d at 84.

Dispositive to the court's decision to *not* hold Ms. Browner in contempt was the acknowledgment that, "to become effective, an injunction must be reduced to writing." Id. at 83. And although the court had stated at the preliminary injunction

---

[3] Amicus Curiae attaches as Exhibit 3 a complete and accurate copy of the January 19, 2001, order.

14

hearing that it intended to enjoin EPA officials via judicial order, such order did not become operative until written and transmitted to the parties. Conduct prior to the written order could not be the basis for a contempt finding. Id. at 84.

## CONCLUSION

Amicus Curiae Landmark submits this brief to present factual context surrounding the circumstances where a district court in the District of Columbia considered an issue crucial to the present litigation.

Dated:     April 23, 2025          Respectfully submitted,

        */s/ Richard P. Hutchison*
        Richard P. Hutchison
        Counsel of Record
        Landmark Legal Foundation
        3100 Broadway, Suite 1210
        Kansas City, MO 64111
        (816) 931-5559
        Email: pete.hutch@landmarklegal.org

        Michael J. O'Neill
        Matthew C. Forys
        Landmark Legal Foundation
        19415 Deerfield Ave., Suite 312
        Leesburg, VA 20176
        (703) 554-6100

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion and proposed brief complies with the word limits of Federal Rules of Appellate Procedure because the brief contains 1,401 words. The brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedures 29 and 32 because it has been prepared using Microsoft Word 365 in proportionally spaced 14-point Times New Roman typeface.

Dated: April 23, 2025                                         */s/Richard P. Hutchison*
                                                              Richard P. Hutchison

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished using the CM/ECF system.

Dated: April 23, 2025                                         */s/Richard P. Hutchison*
                                                              Richard P. Hutchison