UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

ORIGINAL

APR 25 2025

RECEIVED    Oral Argument Not Yet Scheduled

## No. 25-5124

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., et al.,
*Plaintiffs-Appellees*,

*v.*

DONALD J. TRUMP, in his official capacity as President of the
United States, et al.,
*Defendants-Appellants*.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:25-cv-00766
The Hon. James E. Boasberg

## EMERGENCY MOTION(S) FOR LEAVE TO INTERVENE
## FOR THE LIMITED PURPOSE OF UNSEALING PLAINTIFFS-
## APPELLEES FULL NAMES AND MOTION TO UNSEAL

PAUL M. DORSEY
*Pro-Se*
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081
*p.dorsey@comcast.net*

Pursuant to Circuit Rule 47.1(c) ("Motion to Unseal"), which has no corresponding federal rule, Paul M. Dorsey, *pro-se* moves to unseal Plaintiffs-Appellees full names. To procedurally accomplish this unsealing, Dorsey first moves for permissive intervention for the limited purpose of filing the Motion to Unseal. Other than FRAP Rule 15 ("Review or Enforcement of an Agency Order—How Obtained; Intervention"), which is not applicable here, no specific Federal Rule of Appellate Procedure governs intervention. However, FRCP 24(b) ("Permissive Intervention") is frequently used by U.S. Courts of Appeals.

This motion is filed as an "emergency" motion because "contemporaneous review in the forum of public opinion is an effective restraint on the possible abuse of judicial power" *Wash. Post Co. v. Robinson* 935 F.2d 282, 289 (D.C. Cir. 1991) (internal quote and citation omitted). Also "[s]ecrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges" *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 587 (1976). See *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("even a one to two day delay impermissibly burdens the First Amendment"); *Associated Press v. U.S. Dist. Court*, 705 F.2d 1143,1147 (9th Cir. 1983) (48 hour delay in public release of filed documents violates the access right).

## INTRODUCTORY BACKGROUND

The five plaintiff-appellees are proceeding pseudonymously in this court, as they did in the district court. This movant is objecting to their pseudonym-status here because 1) plaintiffs effectively waived their right to proceed under pseudonym in the district court; 2) plaintiffs were not properly granted that status in the district court; and 3) an incredible new set of facts and circumstances has arisen since the early morning of March 15, 2025 (when the district court originally granted pseudonym status) such that a fresh review of the plaintiffs' status in this Court – by this Court - is warranted.

Circuit Rule 47.1(c) allows for this court to decide for itself whether the plaintiffs-appellees can proceed pseudonymously: ("On appeals from the district court, the motion will ordinarily be referred to the district court . . . but the court may, when the interests of justice require, decide that motion . . . "). In the interest of justice, including judicial economy, this court should exercise that right, without referral back to the district court.

Procedurally, this motion is NOT an appeal of the district court's minute order granting pseudonym status to the plaintiffs. Argument supporting intervention follows immediately below. Argument supporting unsealing of the plaintiffs' full names follows after that (see page 8). Then a short "miscellanous argument" section concludes (see page 13).

## Argument Supporting Intervention

It is well established under common law that nonparties have standing to intervene to gain public access to sealed court documents. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

This Court has held that "third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); see also *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 300 F.R.D. 19, 21 (D.D.C. 2013) (the Rule 24(b)(1) standard is relaxed when, as here, intervention is sought for the limited purpose of challenging whether documents should remain sealed); *In re Guantanamo Bay Detainee Continued Access to Counsel,* 968 F. Supp. 2d 222, 224 (D.D.C. 2013) (same).  This Court has also acknowledged that "every circuit court that has considered the question has come to the conclusion that nonparties may permissibly intervene for the purpose of challenging confidentiality orders." *EEOC*, 146 F.3d at 1045-46.

The discretion inherent in allowing permissive intervention under Rule 24(b) should be exercised liberally when, as here, Dorsey seeks to intervene solely to

unseal records. See *EEOC*, 146 F.3d at 1046; see also *In re Vitamins Antitrust Litig.*, 2001 U.S. Dist. LEXIS 25068, at *29 n.4 (D.D.C. Mar. 19, 2001) ("The requirements for permissive intervention are to be construed liberally, with all doubts resolved in favor of permitting intervention."); *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 5 n.3 (D.D.C. 2013) (granting motion "for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.").

Although the traditional elements of Rule 24(b) do not apply here because of Dorsey's limited purpose in seeking to have records unsealed, they are nonetheless satisfied. Specifically, Rule 24(b)(1)(B) requires proposed intervenors to plead: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC*, 146 F.3d at 1046.  In addition, courts also consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

### 1. Dorsey Is Not Required to Establish Subject Matter Jurisdiction.

"An independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of obtaining access to documents covered by seal." *EEOC*, 146 F.3d at 1047.  This logic fully applies to Dorsey's motion.  And the reason for this exception is obvious: "[S]uch intervenors do not

ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *Id*. Accordingly, Dorsey is not required to establish subject matter jurisdiction for his proposed intervention.

### 2. Dorsey's Motion Is Timely.

Whether a permissive intervention motion is timely requires consideration of "all the circumstances, especially the time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 19 (D.D.C. 2010).

Here, the appellant's Notice of Appeal was filed April 17, 2025 – approximately one week ago. This motion is timely.

### 3. Whether the Motion to Proceed Using Pseudonym Should Remain Sealed Is a Common Question of Law or Fact.

Rule 24's requirement of a common question is also liberally construed "when the movant seeks to intervene for the collateral purpose of challenging a confidentiality order." *EEOC*, 146 F.3d at 1047. Courts routinely find that whether the record should be unsealed is itself a common question of law. See, e.g., *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000) ("[C]onfidentiality is—in the language

6

of Rule 24(b)(2)—a 'question of law . . . in common' between the Parties and the [intervenor]."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) ("By virtue of the fact that the [intervenors] challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action.").

The D.C. Circuit permits nonparties to intervene for the limited purpose of unsealing judicial records where the only common question is whether those documents should remain sealed. *EEOC*, 146 F.3d at 1048 (finding that "[n]o particularly strong nexus of fact or law need exist between the two suits when a nonparty seeks to intervene for the sole purpose of gaining access to documents subject to a confidentiality order."). In other words, this "Circuit has adopted a flexible reading of Rule 24(b)'s 'claim or defense' language, 'allowing intervention even in situations where the existence of any nominate claim or defense is difficult to find.'" *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 312 (D.D.C. 2011).

These principles are rooted in common sense: if intervenors seeking access to judicial records were required to demonstrate a common question beyond the issue of whether the sealing should continue, then members of the public would effectively lack any mechanism to gain access to such documents. Such a result

stands in stark contrast to the D.C. Circuit's mandate that "nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC*, 146 F.3d at 1045-46. Accordingly, this motion to unseal the Plaintiffs' real names presents a common question that supports granting permissive intervention.

### Argument Supporting Unsealing Plaintiffs Full Names

As stated in the "Introductory Background" section, this movant is objecting to their pseudonym-status here because 1) plaintiffs effectively waived their right to proceed under pseudonym in the district court; 2) plaintiffs were not properly granted that status in the district court; and 3) an incredible new set of facts and circumstances has arisen since the district court originally granted pseudonym status such that a fresh review of the plaintiffs' status in this Court – by this Court - is warranted.

### 1)    Plaintiffs Effectively Waived Their Right to Proceed Pseudonymously:

On March 15, 2025, the Plaintiffs in the underlying action in the district court filed a sealed "Motion to Proceed under Pseudonym" (ECF #2). The Local Rules in the district court require that motions filed under seal <u>shall</u> be accompanied by a separate motion to seal (along with the appropriate memorandum of law in support). The same local rule has a warning mandate: that

sealed motions filed without an attached motion to seal <u>will</u> be unsealed. Local Rule LCvR 5.1(h)(1):

> "(h) SEALED OR CONFIDENTIAL DOCUMENTS.
>
> (1) Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and <u>shall</u> be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal <u>will</u> result in the document being placed on the public record." (underlining added).

LCvR 5.1(h)(1)

A close review of the docket establishes that a separately filed motion to seal was never filed. Part of the burden the plaintiffs have in getting and keeping anonymity is following the rules. Accordingly, if the sealed motion (including attached affidavits) actually contains the full names of the plaintiffs – as is highly likely - then those plaintiffs have effectively waived their right to proceed pseudonymously.

This is because the word "shall" is well known to mean a task that is mandatory and not optional: "Shall. As used in statutes, contracts, or the like, this word is generally imperative or mandatory." *Blacks Law Dictionary*, (sixth edition, 1990). Likewise: "Will, *v.* An auxiliary verb commonly having the mandatory

sense of 'shall' or 'must.' It is a word of certainty, while the word 'may' is one of speculation and uncertainty" *id.*

A review of the docket sheet in the district court for ECF #2 (plaintiffs' motion to proceed pseudonym) still states that the motion is "SEALED." In PACER.gov, clicking on the link for ECF #2 generates a "You do not have permission to view this document" message. At some point, if and when the district court gets around to faithfully following its own rules, plaintiffs' motion will be unsealed. When that happens, plaintiffs full names will be revealed. Accordingly, by their actions, plaintiffs have waived their right to proceed pseudonymously.

## 2 Plaintiffs Were Not Properly Granted Pseudonym Status in the District Court

A little later in the day, the chief judge issued a minute order granting the plaintiffs motion to proceed under pseudonym. In relevant part:

> "The Court has reviewed Plaintiffs' [ECF] 2 Motion to Proceed Pseudonymously. Given the expedited nature of this matter, it determines that a full Opinion is not practical at this time. Believing the Plaintiffs have made the required showing on the relevant factors, the Court ORDERS that: 1) Their [ECF] 2 Motion is GRANTED; and 2) They shall be permitted to proceed pseudonymously unless and until the assigned judge determines otherwise."

Minute Order of March 15, 2025 (follows ECF #5)

There are three fatal problems with this minute order. The first fatal problem is that the criteria used by the district court is wrong, since it is clearly relying solely on what the Plaintiffs showed, without balancing what was shown against the countervailing interest in open judicial proceedings. The order plainly states that the " . . . Plaintiffs have made the required showing on the relevant factors." Well, whatever the facts and/or circumstances that the plaintiffs showed, those facts and circumstances needed to be balanced against the countervailing interests of public disclosure: "Consistent with *Microsoft*, with the views of both parties in this case, and with many of our sister circuits, we hold that the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir 2019). This court reviews "de novo the criteria used by a district court to decide whether to grant a motion to proceed anonymously" *id*.

The second fatal problem with the minute order is that it doesn't even list out the "relevant factors" that were considered by the court. "[W]e review a court's application of those criteria only for an abuse of discretion. In so doing we must consider 'whether the decision maker failed to consider a relevant factor [or] relied on an improper factor, and whether the reasons given reasonably support the conclusion'" *id* (second "[ ]" in the original). Obviously, this court can not know if

a relevant factor was missed by the district court in its consideration if those factors were not even listed. One important factor that might have been missed is the fact that this case is not just a *habeas* case, but a *habeas* case created by the round up of foreigners pursuant to a Presidential Proclamation under the Alien Enemies Act, a wartime and/or invasion measure that has been used only three times in our nation's history: the War of 1812, World War 1 and World War II.

The third fatal problem with the minute order is that it doesn't provide <u>any</u> reasoned analysis of the relevant factors that were considered by the court (it is, after all, a minute order). But it's been over a month since that minute order was issued. Admittedly, that is not a long time for a normal case, but this case has been to the Supreme Court (see 24A931) and back in under thirty five days. And likely headed for a second visit, regardless of how this current case is decided. And still no "full Opinion" explaining the pseudonym status.

Together or standing alone, the three fatal problems do not justify this court allowing the plaintiffs to proceed pseudonymously in this court by default, which is the current situation times three (See 25-5067 and 25-5068).

**3.      Whatever the merits of the original order, new developments have created an entirely new set of relevant facts and circumstances that need to be considered.**

As mentioned previously, this case has been to the Supreme Court. It also has two other matters pending in this court (*id*). In particular, the chief judge's

recent musings about criminal contempt and appointing an independent prosecutor to presumably target the President and the Secretary of State are two facts that are exceedingly relevant to a properly reasoned decision that will "balance the litigants' legitimate interest in anonymity against countervailing interest in full disclosure." *In re Sealed Case*, 931 at 96. (the chief judge's musings and the various upper court filings are more fully explained in the President's emergency motion that was filed – in this case - on April 18, 2025).

### Miscellaneous Argument

The plaintiffs' original motion to proceed pseudonymously is still sealed and the Chief Judge's minute opinion is without substantive reasoning. At the current time, this movant can only offer procedural arguments as to why the plaintiffs should not be anonymous. If there were more on the public record it would be a different situation. But frankly, in the interest of judicial economy, this movant will not spend 50 pages speculating on what the plaintiffs' might have argued and then speculate further on what the Chief Judge might have thought about those arguments - and then try to refute each imagined argument.

### Conclusion

For the reasons stated above, this court should:

1) Grant limited intervention status to Paul M. Dorsey for the purpose of challenging plaintiffs' pseudonym-status;

2) Immediately remove plaintiffs-appellees' pseudonym-status without referral back to the District Court.

Or as an alternative to "2" -

2A)   Order the plaintiffs-appellees to submit to this court a proper motion to proceed under pseudonyms (e.g. – as was done in this court's *John Doe v. Securities and Exchange Commission*, 24-1362) and then allow for a normal reply from both defendants-appellants AND Intervenor Paul M. Dorsey.


Respectfully Submitted

Paul M. Dorsey, *pro-se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*


CERTIFICATES FOLLOW:
CERTIFICATE OF COMPLINACE
CERTIFICATE OF SERVICE
CERTIFICATE OF CONFERENCE

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of D.C. Cir. R.

27(c) because it contains 2,964 words.

2.      This brief complies with the typeface requirements of Fed. R. App.

32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because it has been prepared in a proportionally spaced and easy-to-

read typeface using Microsoft Word97 in 14-point Times New Roman

typeface

Paul M. Dorsey
*Pro-se*

April 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025, I mailed via United States Postal Service Express Priority Mail, fully postage paid the foregoing motions and certificates to the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit. The Clerk will upload the motions and certificates in the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and they will receive this motion and certificates via the appellate CM/ECF system.

In addition, I mailed via United States Postal Service, first class mail fully prepaid postage and via electronic mail to the following participants and the listed addresses below:

### PLAINTIFFS-APPELLEES

| | |
|---|---|
| Lee Gelernt (D.D.C. Bar No. NY0408) | lgelernt@aclu.org |
| Daniel Galindo (D.D.C. Bar No. NY035) | dgalindo@aclu.org |
| Ashley Gorski | agorski@aclu.org |
| Patrick Toomey | ptoomey@aclu.org |
| Sidra Mahfooz | smahfooz@aclu.org |
| Omar Jadwat | ojadwat@aclu.org |
| Hina Shamsi (D.D.C. Bar No. MI0071) | hshamsi@aclu.org |

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

| | |
|---|---|
| Noelle Smith | nsmith@aclu.org |
| Oscar Sarabia Roman | osarabia@aclu.org |
| My Khanh Ngo | mngo@aclu.org |
| Cody Wofsy | cwofsy@aclu.org |
| Cecillia D. Wong | cwang@aclu.org |
| Evelyn Danforth-Scott | edanforth-scott@aclu.org |

CERTIFICATE OF SERVICE (Continued)

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | aspitzer@acludc.org |
| Scott Michelman (D.C. Bar No. 1006945) | smichelman@acludc.org |
| Aditi Shah (D.C. Bar No. 90033136)* | ashah@acludc.org |

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045

* (admission pending)

| | |
|---|---|
| Somil B. Trivedi (D.C. Bar No. 1617967) | strivedi@democracyforward.org |
| Bradley Girard (D.C. Bar No. 1033743) | bgirard@democracyforward.org |
| Michael Waldman (D.C. Bar No. 414646) | mwaldman@democracyforward.org |
| Sarah Rich | srich@democracyforward.org |
| Skye Perryman (D.C. Bar No. 984573) | sperryman@democracyforward.org |
| Audrey Wiggins (DC Bar No. 482877) | awiggins@democracyforward.org |
| Christine L. Coogle (DC Bar No. 1738913) | ccoogle@democracyforward.org |
| Pooja Boisture | pboisture@democracyforward.org |

c/o DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043

DEFENDANTS-APPELLANTS

| | |
|---|---|
| Drew C. Ensign | drew.c.ensign@usdoj.gov |
| Deputy Assistant Attorney General | |
| U.S. Department of Justice | |
| 950 Pennsylvania Avenue, NW | |
| Washington, D.C. 20004 | |

CERTIFICATE OF SERVICE (Continued)

August E. Flentje                                         august.flentje@usdoj.gov
US Department of Justice, Civil Division
PO Box 868
Ben Franklin Station
Washington, DC  20044


Abhishek Kambli                                          abhishek.kambli@usdoj.gov
DOJ-USAO
950 Pennsylvania Avenue, NW
Washington, D.C.  20004


Ernesto H. Molina, Jr.                                   ernesto.h.molina@usdoj.gov
Deputy Director
United States Department of Justice
Civil Division
Office of Immigration Litigation--
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044


Paul M. Dorsey
*Pro-se*

April 24, 2025

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted Drew C. Ensign, counsel for the Defendants-Appellants and Lee Gelernt, counsel for the Plaintiffs-Appellees.  Both counsels expressed opposition to my intervention.

_____
Paul M. Dorsey
*Pro-se*

April 24, 2025

**PRESS FIRMLY TO SEAL**

 

**PRESS FIRMLY**

*Retail*


U.S. POSTAGE
PME
WEST HARTFO
APR 24, 2025

20001

**$31.40**

RDC 07

S2324M505819

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



EP13F May 2020



**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL EXPRESS®**

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)   PHONE ( 860 ) 521-0081

Paul M Dorsey
110 Westminster Dr
West Hartford, CT 06107

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Clerks Office
U.S. Court of Appeals - D.C. Circuit
333 Constitution Ave, NW
Washington, DC

ZIP + 4® (U.S. ADDRESSES ONLY)

20001

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

 **PEEL FROM THIS CORNER**



PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.

ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code   ☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DP

06107   Scheduled Delivery Date (MM/DD/YY)   Postage
4/25/25   $ 31.40

Date Accepted (MM/DD/YY)   Scheduled Delivery Time   Insurance Fee   COD Fee
4/24/25   ☐ 12:00 PM   ☑ 6:00 PM   $   $

Time Accepted   ☐ AM   Return Receipt Fee   Live Animal Transportation F
1:40 ☑ PM   $

Special Handling/Fragile   Sunday/Holiday Premium Fee   Total Postage & Fees
$   $

Weight   ☐ Flat Rate   Acceptance Employee Initials   $ 31.40
1 lbs. 14 ozs.   LT

DELIVERY (POSTAL SERVICE USE ONLY)

Delivery Attempt (MM/DD/YY)   Time   ☐ AM   Employee Signature
☐ PM

Delivery Attempt (MM/DD/YY)   Time   ☐ AM   Employee Signature
☐ PM

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996

ER 177 763 695 US

  UNITED S
POSTAL S