**ORAL ARGUMENT NOT YET SCHEDULED**

No. 25-5124

In the United States Court of Appeals
for the District of Columbia Circuit

**J.G.G.** et al.,

         *Plaintiffs–Appellees,*

v.

**DONALD J. TRUMP**, in his official capacity
as President of the United States, et al.,

         *Defendants–Appellants.*

On Appeal from Orders
of the United States District Court
for the District of Columbia

**DEFENDANTS–APPELLANTS'
SUPPLEMENTAL BRIEF
IN RESPONSE TO THIS COURT'S ORDER**

On July 18, 2025, El Salvador, in its own sovereign capacity, transferred all of the class members to the custody of the Maduro regime in Venezuela, which then flew them to Venezuela on Venezuelan planes. This Court ordered the Government to address "whether and how these factual developments affect their position in this case." As explained below, the Government maintains that reversal or issuance of a writ of mandamus continues to be warranted—but this Court may also conclude that the new development qualifies as (or displaces) the district court's "purge" option and thus moots the district court's contempt order.

1. The transfer of custody between two foreign sovereigns does not alter the fundamental defect in the order below: the Government did not violate any injunction and thus a finding of probable cause for contempt was untenable. *See* Gov't's Emergency Mot. for Stay or Mandamus ("Mot.") 12–18. The district court's TROs enjoined only the removal of class members; they did not require the return of individuals who had already been removed. *Id.* at 13–15. And the court's oral comments during the preceding hearing cannot broaden the scope of the written order beyond its actual terms. *Id.* at 15–18; *Bates v. Johnson*, 901 F.2d 1424, 1427 (7th Cir. 1990); Fed. R. Civ. P. 65(d).

1

At most, the oral statements created ambiguity, which cannot support a contempt finding. *See United States v. Joyce*, 498 F.2d 592, 596 (7th Cir. 1974) ("[C]ontempt will not lie for violation of an order of the court unless the order is clear and decisive and contains no doubt about what it requires to be done."). For this reason alone, the district court's contempt order continues to warrant appellate relief.

**2.** The Government also sought appellate intervention because the district court's order used the faulty finding of probable cause to put the Government to an unconstitutional Hobson's choice: either prosecute itself criminally or seek to "purge" the contempt by engaging in sensitive negotiations with a foreign sovereign. Both prosecutorial discretion and the foreign-affairs power are core executive functions. *See United States v. Texas*, 599 U.S. 670, 679 (2023); *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952). The district court's contempt order improperly intruded on both by imposing this false choice.

Absent a finding by this Court or the district court that the recent developments qualify as a "purge" of any contempt, *see infra* pp.3–4, that unconstitutional choice remains. It makes no difference that the class members are now in Venezuela and not El Salvador.

**3.** Having said that, the recent developments should qualify as a "purge" of any contempt or otherwise moot the issue in a way that terminates any contempt proceedings. The district court said purging would involve "asserting custody" over the class members so they could "challenge their removability through a habeas proceeding" but need not involve "release" of the individuals or "transport[ing] them back" to the United States. ECF 81 at 43–44. At this point, however, the class members are back in their home country and either are or soon will be out of *anyone's* custody. The original "purge" that the court had in mind is no longer possible—indeed, it would nonsensically require the Government to take the class members *back into custody* so they could file habeas petitions. *See I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436, 439 (D.C. Cir. 2023) (habeas available only for those in custody). That relief is now impossible.

Accordingly, this Court could fairly conclude that the "purge" option is either satisfied or no longer available and vacate the contempt order or grant mandamus relief accordingly. Alternatively, the Court may wish to consider a limited remand to the district court for this purpose. The

3

district court has convened a status conference for tomorrow, July 24, 2025, presumably to discuss these same developments.

4. If this Court ultimately concludes that recent developments do not alter the need to address the merits, the Government notes that new Supreme Court authority has underscored the fundamental flaws in the district court's contempt order. In particular, the district court's attempt to enforce vacated orders through a *post hoc* finding of contempt is the type of gamesmanship that the Supreme Court rejected in *Dep't of Homeland Sec. v. D. V. D.*, 2025 WL 1832186, at *1 (U.S. July 3, 2025).

There, the Government secured a stay of the district court's initial order. *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025). Hours later, the district court entered a minute order claiming that a second, "remedial order 'remain[ed] in full force and effect,' 'notwithstanding'" the stay. *D. V. D.*, 2025 WL 1832186, at *1. The Government sought relief from the Supreme Court, arguing that its stay of the original order meant any follow-on orders were also necessarily stayed. *Id.* Plaintiffs, on the other hand, argued that the district court's second order remained valid because it "effectively operate[d] as a remedy for civil contempt." *Id.*

4

The Supreme Court granted the Government's motion and held that, even if the second order was a remedy for civil contempt, "such a remedy would serve to 'coerce' the Government into 'compliance' and would be unenforceable given our stay of the underlying injunction." *Id.*; *see also id.* (Kagan, J., concurring) (explaining that, even though she had dissented from the original stay, she did "not see how a district court can compel compliance with an order that this Court has stayed").

The district court's contempt order here is even more extreme. The original orders were not just *stayed* but *vacated* by the Supreme Court for lack of jurisdiction. *See Trump v. J. G. G.*, 145 S. Ct. 1003, 1005–06 (2025) (per curiam). Yet the district court tried to circumvent that vacatur by finding probable cause for contempt and effectively ordering the Government to comply with its vacated orders to avoid prosecution. Just as the attempt in *D. V. D.* to "'coerce' the Government into 'compliance'" for a stayed order "would be unenforceable," 2025 WL 1832186, at *1, so too is the court's attempt here to enforce a vacated order by exploiting the threat of contempt.

\*   \*   \*

5

This Court should issue mandamus vacating the district court's improper contempt order or stay that order pending appeal. In the alternative, the Court could rule that the Government has effectively purged any contempt and vacate the order as moot.

Respectfully submitted,

**Brett Shumate**
Assistant Attorney General
Civil Division

s/Drew C. Ensign
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
drew.c.ensign@usdoj.gov

**August Flentje**
Special Counsel for Immigration

**Tiberius T. Davis**
Counsel to the Assistant Attorney General

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

**Ernesto Molina**
Deputy Director

Dated: July 23, 2025            *Counsel for Defendants–Appellants*

**Certificate of Compliance**

1. This document complies with this Court's order of July 21, 2025, because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,064 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word for Microsoft 365 MSO (Version 2505 Build 16.0.18827.20102) 64-bit.

Dated: July 23, 2025            s/Drew C. Ensign
                                *Counsel for Defendants–Appellants*