**ORAL ARGUMENT NOT YET SCHEDULED**

No. 25-5124

In the United States Court of Appeals
for the District of Columbia Circuit

**J.G.G.** et al.,

    *Plaintiffs–Appellees,*

v.

**DONALD J. TRUMP**, in his official capacity
as President of the United States, et al.,

    *Defendants–Appellants.*

On Appeal from Orders
of the United States District Court
for the District of Columbia

**DEFENDANTS–APPELLANTS' RESPONSE
TO PLAINTIFFS–APPELLEES' MOTION
TO SUPPLEMENT THE RECORD OR REMAND**

Much like Plaintiffs' earlier, faulty Rule 28(j) letter, Plaintiffs' Motion to Supplement the Record or Remand for Fact Finding ("Mot.") is both procedurally improper and substantively irrelevant. The Court should deny the motion.

Plaintiffs' motion fails to satisfy the requirements for supplementing the record on appeal. Supplementation of the record on appeal is appropriate only in "extraordinary circumstances." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 86 n.6 (1st Cir. 2008). Fed. R. App. P. 10(e)(2) permits it only if something "material to either party is omitted from or misstated in the record by error or accident." There was no omission or misstatement by error or accident in the record below. Tellingly, Plaintiffs do not even cite the relevant rule—much less attempt to satisfy it.

Instead, Plaintiffs simply obtained new "evidence" that they want to add to the record on appeal. To justify this, Plaintiffs assert that "the interests of justice" require supplementation. Mot. 2 (citing *Colbert v. Potter*, 471 F.3d 158, 165–66 (D.C. Cir. 2006)). Any equitable "exception" to the strictures of Rule 10(e)(2) is "rare[ly]" invoked, however. *See United States v. Kennedy*, 225 F.3d 1187, 1192 (10th Cir. 2000) (denying "rare

1

exception" to Rule 10(e)(2)). It applies only where the document "would establish beyond any doubt the proper resolution of the pending issues" or supplementation would otherwise be "in the interests of justice." *Colbert*, 471 F.3d at 165–66. Given this strict standard, this Court routinely denies motions to expand the record on this basis summarily. *See, e.g.*, *Rojas v. Connecticut*, 2024 WL 4370045, at *1 (D.C. Cir. Oct. 2, 2024) (per curiam); *Brown v. Regan*, 2024 WL 1002569, at *1 (D.C. Cir. Mar. 1, 2024) (per curiam).

The same result should obtain here. Plaintiffs do not even attempt to argue that the material they seek to add to the record "would establish beyond any doubt the proper resolution of the pending issues." *Colbert*, 471 F.3d at 165–66. Nor could they. As the Government has explained, the district court's order is flawed on multiple legal grounds.

Plaintiffs insist the "interests of justice" would be furthered by supplementing the record because their "new evidence" supports the district court's finding of contempt. Mot. 2. This "new evidence"—a redux of the "evidence" provided in their improper 28(j) letter—consists largely of privileged communications sent by a disgruntled former employee to

2

Congress for political reasons. It should be disregarded for several independent reasons.

*First*, this material cannot and should not be considered because it contains privileged information: legal advice to agency clients, work in furtherance of ongoing litigation, and internal government deliberations. Such communications are privileged three times over. *See Davidson v. United States*, 264 F. Supp. 3d 97, 114 (D.D.C. 2017) (documents and advice exchanged between Departments of Justice and State on potential suit involving diplomatic issues fell under attorney–client and work-product privileges); *Bloche v. Dep't of Def.*, 474 F. Supp. 3d 296, 303 (D.D.C. 2020) (attorney–client and deliberative-process privileges applied). And an "attorney cannot waive the attorney-client privilege without the client's consent." *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983). Thus, the documents cannot be considered.[1]

*Second*, the material at issue does not support Plaintiffs' position. Just the opposite. At most, the evidence shows (privileged) internal debates about what the district court's order meant. And the

---

[1] Despite Plaintiffs' insinuation (Mot. 2 n.3), the Government's refusal to allow further intrusions into privileged communications by a district court without jurisdiction is not proof of a conspiracy.

3

Government's attorneys ultimately concluded that deplaning the already-removed aliens was "permissible under the law and the court's order." Ex. 6. That is exactly the legal position that the Government promptly articulated in court and has consistently maintained. At no point did anyone direct that the court's order should be violated.

*Third*, these materials are irrelevant to the legal issues on appeal: (1) whether there was a violation of a clear written order and (2) whether the contempt order was unconstitutional. As to the first, what matters is not the subjective understanding of any particular official but rather the objective meaning of the court's written order. *See Bates v. Johnson*, 901 F.2d 1424, 1427 (7th Cir. 1990); Fed. R. Civ. P. 65(d). As the Government has explained, the district court's TROs said nothing about returning planes or forbidding deplaning of aliens who had already been removed from the United States' territory. And to the extent that the court's oral statements introduced ambiguity, that cannot support contempt. *See United States v. Joyce*, 498 F.2d 592, 596 (7th Cir. 1974) ("[C]ontempt will not lie for violation of an order of the court unless the order is clear and decisive and contains no doubt about what it requires to be done.").

4

As to the second issue, the district court's order is independently unlawful because it places the Government in an unconstitutional bind: engage in sensitive negotiations or face criminal prosecution. Both options intrude on core executive functions. *See United States v. Texas*, 599 U.S. 670, 679 (2023); *Harisiades v. Shaughnessy*, 342 U.S. 580, 589 (1952). Regardless of how officials understood the TROs, the unconstitutional nature of the district court's contempt order remains. The proffered documents thus do not bear on either of the legal issues before this Court.

In short, the documents proffered by Plaintiffs include unlawfully disclosed privileged information, have limited weight, and are irrelevant to the legal issues before this Court. Thus, it does not serve the interests of justice to take the extraordinary measure of supplementing the record with these cherry-picked disclosures. Nor should the Court remand for intrusive discovery into privileged communications. This Court should deny Plaintiffs' ill-considered motion.

Respectfully submitted,

**Brett Shumate**
Assistant Attorney General
Civil Division

<u>s/Drew C. Ensign</u>
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
drew.c.ensign@usdoj.gov

**August Flentje**
Special Counsel for Immigration

**Tiberius T. Davis**
Counsel to the Assistant Attorney General

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

**Ernesto Molina**
Deputy Director

Dated: July 23, 2025            *Counsel for Defendants–Appellants*

**Certificate of Compliance
for Papers Submitted Under Fed. R. App. P. 27(d)(2)(A)**

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 945 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word for Microsoft 365 MSO (Version 2505 Build 16.0.18827.20102) 64-bit.

Dated: July 23, 2025    s/Drew C. Ensign
                        *Counsel for Defendants–Appellants*