[ORAL ARGUMENT NOT YET SCHEDULED]

No. 25-5124

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., *et al.*,

*Plaintiffs–Appellees*,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*,

*Defendants–Appellants*.

_____

On Appeal from the United States District Court
for the District of Columbia
No. 1:25-cv-00766
The Hon. James E. Boasberg

**PLAINTIFFS–APPELLEES' RESPONSE TO SUPPLEMENTAL BRIEF**

Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770

Arthur B. Spitzer
Scott Michelman
Aditi Shah
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION OF
  THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500

*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar

Lee Gelernt
  *Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Brian Netter
Bradley Girard
Christine L. Coogle
DEMOCRACY FORWARD
  FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Phone: (202) 448-9090
Fax: (202) 796-4426

*Counsel for Plaintiffs–Appellees*

The allegations presented in the motion to supplement the record are disturbing, including that the government withheld critical information from the district court. *See* Pls.' Mot. Suppl. R., Exh. B at Exh. 1. This new information shows exactly why the district court's fact-finding must be allowed to play out, so that the court can investigate what happened and ensure that the government cannot ignore judicial orders with impunity. Nor do class members' recent transfers to Venezuela alter or diminish the government's defiance of the TRO on March 15 or the prematurity of this appeal. *See* Pls.' Mot. Dismiss and Resp. Opp'n Emergency Mot. Stay 12–31. The government's supplemental brief regarding the transfers mostly rehashes its stay arguments. *See* Defs.' Supp. Br. ("Supp. Br.") 1–2 (arguing government did not violate the TRO); *id.* at 2 (arguing that different possible outcomes of contempt proceedings are illegal). But if anything, the recent transfers strengthen the case for denying a stay and dismissing this appeal.

Class members' return to Venezuela does not constitute a purging of contempt, *contra* Supp. Br. 3, because it does not remedy the act that violated the court's order: unlawful removal from the United States. Indeed, Plaintiffs are now in the very country from which many of them fled to seek asylum in the United States. The government has done nothing to return the class members to the United States, or to facilitate their ability to challenge their unlawful removals—the heart of this case.

1

Moreover, in light of class members' changed circumstances, it is clearer than ever that the government has the ability to facilitate their return or take other steps that would purge the government's contempt by providing at last the process to which class members are constitutionally entitled and which they should have received in March. In its stay motion, the government's main argument against purge was that it lacked the ability to facilitate class members' challenges, because they were detained at CECOT. *See* Stay Mot. 8, 11–12. Now there is nothing stopping the government from facilitating their return to the United States and remedying the due process violation found by the district court—a finding Defendants did not even contest. As the government's declaration makes clear, Venezuela has *already* agreed not to prevent class members' return to the United States for legal proceedings. *See* Harper Decl. ¶ 9, *J.O.P. v. Dep't of Homeland Sec.*, No. 8:19-cv-1944-SAG (D. Md. July 18, 2025), ECF No. 352 at Exh. A.

These changed circumstances also underscore why the appeal is premature, as the government's options keep evolving. The government persists in claiming that the district court gave them only one purge option, which was to take custody of class members. Supp. Br. 2, 3, 5. But the district court made crystal clear that it was only identifying one "obvious way" to purge while giving the government the "opportunity to propose other methods." *J.G.G. v. Trump*, --- F. Supp. 3d ---, 2025 WL 1119481, at *20 (D.D.C. Apr. 16, 2025). It is premature for this Court to

2

prejudge the legality of the various options the government or the district court might pursue, especially as those options continue to change.

Finally, the government argues that the Supreme Court rendered contempt unavailable in *Department of Homeland Security v. D.V.D.*, No. 24A1153, 2025 WL 1832186 (U.S. July 3, 2025). But *D.V.D.* did not address a *criminal* contempt inquiry like the one in this case. Rather, it addressed an attempt "to 'coerce' the Government into 'compliance,'" on a prospective basis, with an injunction that had been stayed. *Id.* at *1 (citation omitted). The order at issue in *D.V.D.* did not provide a compensatory remedy for past acts of contempt. Nor did it address criminal contempt. *See id.* (addressing "a remedy for civil contempt" only). It thus did nothing to dislodge the well-established rule that criminal contempt proceedings can go forward when a litigant willfully defies a court order, even after the underlying order is vacated. *See Walker v. City of Birmingham*, 388 U.S. 307, 314, 320–21 (1967); *United States v. Peters*, 9 U.S. (5 Cranch.) 115, 136 (1809) (Marshall, C.J.). Any other rule would leave litigants free to openly violate court orders and then escape any consequence if they subsequently win on appeal.

Nor does the purge option provided by the district court "effectively order[] the Government to comply with its vacated orders." Supp. Br. 5. The district court's willingness to let the government purge its criminal contempt is a matter of grace. Contempt proceedings would be fully justified even without offering an opportunity

3

to purge. Contempt proceedings cannot somehow be rendered invalid simply because the court gives the government the chance to rectify its defiance, especially where the court has invited the government to propose its own purge avenues.

The government's persistent refusal to admit error is its own kind of defiance of judicial authority, especially now that class members have been released from CECOT and there is no longer even an arguable barrier to the government remedying its misconduct given the representations made in the Harper Declaration. Instead, the government continues to maintain that courts cannot even investigate the contempt, as the district court was attempting to do here. This Court should not grant the government the impunity it seeks.

For the reasons stated above, the recent events involving transfers out of CECOT to Venezuela only support Plaintiffs' position in this appeal. Plaintiffs urge the Court to dismiss the appeal or, in the alternative, remand to the district court for fact-finding in the first instance.

Date: July 28, 2025

Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770

Arthur B. Spitzer
Scott Michelman
Aditi Shah
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION OF
   THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500

*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar*

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt
   *Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Brian Netter
Bradley Girard
Christine L. Coogle
DEMOCRACY FORWARD
   FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Phone: (202) 448-9090
Fax: (202) 796-4426

*Counsel for Plaintiffs–Appellees*

5

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 927 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced and easy-to-read typeface using Microsoft Word in 14-point size font.

<u>/s/ *Lee Gelernt*</u>
Lee Gelernt
July 28, 2025
*Counsel for Plaintiffs–Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing Motion with the Clerk for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Lee Gelernt*
Lee Gelernt
July 28, 2025
*Counsel for Plaintiffs–Appellees*