[ORAL ARGUMENT NOT YET SCHEDULED]

No. 25-5124

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., *et al.*,

*Plaintiffs–Appellees*,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED STATES, *et al.*,

*Defendants–Appellants*.

_____

On Appeal from the United States District Court
for the District of Columbia
No. 1:25-cv-00766
The Hon. James E. Boasberg

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF
MOTION TO SUPPLEMENT THE RECORD ON APPEAL OR
ALTERNATIVELY REMAND FOR FURTHER FACT FINDING**

Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770

Arthur B. Spitzer
Scott Michelman
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION OF
   THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
(212) 549-2500

*Barred in Texas and Arizona only;
supervised by a member of the D.C. Bar

Lee Gelernt
   *Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org

Brian Netter
Bradley Girard
Christine L. Coogle
DEMOCRACY FORWARD
   FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Phone: (202) 448-9090
Fax: (202) 796-4426

*Counsel for Plaintiffs–Appellees*

As demonstrated in Plaintiffs–Appellees' ("Plaintiffs") concurrently filed Response to Defendants' Supplemental Brief ("Resp. to Supp. Br."), the supplemental evidence further establishes Defendants–Appellants' ("Defendants") open defiance of the District Court's temporary restraining order. Supplementation is accordingly in the interests of justice.

As an initial matter, Defendants obscure the D.C. Circuit's well-established legal standard by pointing to out-of-circuit precedent and the inapplicable Federal Rule of Appellate Procedure 10(e)(2), which permits the appellate court to *correct* the district court record not, as here, to supplement the record with new evidence that came to light only after an appeal was taken. *See* Defs.' Resp. to Mot. to Supp. R. ("Resp.") at 1–2. As to the circumstances here, this Circuit has consistently applied the "interests of justice" standard for decades—both prior to the adoption of the Federal Rules of Appellate Procedure and continuing to the present day. *See, e.g.*, *Gatewood v. United States*, 209 F.2d 789, 792 n.5 (D.C. Cir. 1953) (considering materials not in existing appellate record to ensure "due administration of justice"); *Okeayainneh v. U.S. Dep't of Just.*, No. 21-5167, 2022 WL 1694505, at *1 (D.C. Cir. May 25, 2022) ("Supplementing the record . . . is in the interests of justice."). That standard derives from this Court's "inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *Colbert v. Potter*, 471 F.3d 158, 165–66 (D.C. Cir. 2006) (quoting *CSX Transp., Inc. v. City of*

*Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000)). And it does not require Plaintiffs to establish that supplementing the record would conclusively resolve the pending issue. *See, e.g.*, *Brown v. Regan*, No. 22-5345, 2024 WL 1002569, at *1 (D.C. Cir. Mar. 1, 2024) (treating as separate inquiry whether supplementing "would establish beyond any doubt the proper resolution of the pending issues" or would "otherwise be 'in the interests of justice'" (quoting *Colbert*, 471 F.3d at 166)); *cf. Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003) ("Even when the added material will not conclusively resolve an issue on appeal, we may allow supplementation in the aid of making an informed decision."). In any event, as explained below, the evidence submitted firmly cements Defendants' contempt.

Defendants do not seriously dispute that supplementing the record would serve the interests of justice. Nor can they, given that the materials from Mr. Reuveni "have only strengthened the case for contempt." Tr. of Status Conf. at 3:19–21, *J.G.G. v. Trump*, No. 25-cv-766 (JEB) (D.D.C. July 24, 2025), ECF No. 169. Instead, Defendants focus on three ancillary grounds for disregarding the evidence: (1) asserted privileges; (2) lack of support for Plaintiffs' position; and (3) irrelevance. These reasons are unavailing.

First, Defendants fall far short of meeting their burden to establish the privileges they assert. *See In re Lindsey*, 158 F.3d 1263, 1270–71 (D.C. Cir. 1998) (per curiam). Defendants assert multiple privileges. But they provide no specific

information about which particular statements are privileged, much less identify which privilege applies to which statement. Such "[a] blanket assertion of the privilege will not suffice." *Id.* at 1270 ("proponent must conclusively establish each element of the privilege"). Moreover, even if Defendants had met their burden, the misconduct evident in the materials waives any assertion of privilege. *See In re Sealed Case*, 121 F.3d 729, 738, 746 (D.C. Cir. 1997) (deliberative process privilege "disappears altogether when there is any reason to believe government misconduct occurred"); *In re Sealed Case*, 676 F.2d 793, 812 (D.C. Cir. 1982) (attorney-client and work-product privileges not available to protect communications made in furtherance of "crime, fraud, or other type of misconduct").

Second, the supplemental evidence strongly supports Plaintiffs' position. Contrary to Defendants' contention that the evidence demonstrates "internal debates about what the district court's order meant," Resp. 3, the emails show a striking *lack* of debate. Indeed, Defendants identify only a single email, sent well after the main email exchanges concluded, indicating any disagreement. And that email is only further evidence of Defendants' attempted post-hoc rationalization. Defendants also maintain that "[a]t no point did anyone direct that the court's order should be violated." *Id.* But the new evidence directly suggests otherwise. *See, e.g.*, Pls.' Mot. to Suppl. R. Appeal, Exh. B at Exh. 1 (reflecting, after class members were brought

3

to CECOT, that government attorney stated "guess we are going to say [expletive] you to the court").

Third, the supplemental evidence is material to the pending appeal. Defendants argue that the evidence is irrelevant to whether there was a violation of the District Court's written order. Resp. 4. But that position assumes that Defendants have already prevailed on their contention that the oral order was not binding. Plaintiffs maintain that the contempt inquiry turns on the full context—not only the District Court's written order, but also its oral directive. Mot. to Dismiss 10, 25–29. The government's contemporaneous understanding of that oral order is therefore highly relevant to the contempt inquiry. Moreover, Mr. Reuveni's email on Sunday, March 16, reiterating that "our advice here on injunction compliance was to not deplane anyone from these planes who is subject to an AEA removal," confirms the same understanding expressed in the original emails, even *after* the court issued its written order. Pls.' Mot. to Suppl. R. Appeal, Exh. A at Exh. 5.

Defendants' alternative argument, that the motion to supplement is not relevant to the government's alleged "unconstitutional bind," Resp. 5, is inapposite. As Plaintiffs have already explained, no such constitutional bind exists because the District Court did not order either of the two things Defendants claim. Reply Supp. Pls.' Mot. to Dismiss 1–2. Moreover, as explained in Plaintiffs' accompanying response brief, there is now no reason the government cannot facilitate Plaintiffs'

4

return in light of the Harper declaration's statement that Maduro has agreed not to stand in the way. *See* Resp. to Supp. Br. 2.

In sum, supplementation is in the interests of justice. Should the Court decline to dismiss the appeal for lack of jurisdiction, it should supplement the record with Plaintiffs' exhibits or, alternatively, remand for supplementation of the factual record before the District Court.[1]

---

[1] There are substantial additional changed circumstances beyond this evidence. *See generally* Resp. to Supp. Br. Accordingly, Plaintiffs continue to press their primary argument that this Court should dismiss the appeal and permit the District Court to consider all of the changed circumstances in the first instance, including—but not limited to—the evidence presented here.

| | |
|---|---|
| Date: July 28, 2025 | Respectfully submitted, |
| | /s/ *Lee Gelernt* |
| Evelyn Danforth-Scott | Lee Gelernt |
| Spencer Amdur |     *Counsel of Record* |
| Noelle Smith | Daniel Galindo |
| Oscar Sarabia Roman | Ashley Gorski |
| My Khanh Ngo | Patrick Toomey |
| Cody Wofsy | Omar Jadwat |
| AMERICAN CIVIL LIBERTIES | Hina Shamsi |
|    UNION FOUNDATION | AMERICAN CIVIL LIBERTIES |
| 425 California Street, Suite 700 |    UNION FOUNDATION |
| San Francisco, CA 94104 | 125 Broad Street, 18th Floor |
| (415) 343-0770 | New York, NY 10004 |
| | (212) 549-2660 |
| | lgelernt@aclu.org |
| Arthur B. Spitzer | |
| Scott Michelman | Brian Netter |
| Aditi Shah | Bradley Girard |
| AMERICAN CIVIL LIBERTIES | Christine L. Coogle |
|    UNION FOUNDATION OF | DEMOCRACY FORWARD |
|    THE DISTRICT OF COLUMBIA |    FOUNDATION |
| 529 14th Street, NW, Suite 722 | P.O. Box 34553 |
| Washington, D.C. 20045 | Washington, D.C. 20043 |
| (202) 457-0800 | Phone: (202) 448-9090 |
| | Fax: (202) 796-4426 |
| Kathryn Huddleston* | |
| AMERICAN CIVIL LIBERTIES | |
|    UNION FOUNDATION | |
| 915 15th Street, NW, 7th Floor | |
| Washington, D.C. 20005 | |
| (212) 549-2500 | |

*\*Barred in Texas and Arizona only; supervised by a member of the D.C. Bar*

*Counsel for Plaintiffs–Appellees*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,080 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced and easy-to-read typeface using Microsoft Word in 14-point size font.

/s/ *Lee Gelernt*
Lee Gelernt
July 28, 2025
*Counsel for Plaintiffs–Appellees*

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing Reply with the Clerk for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Lee Gelernt*
Lee Gelernt
July 28, 2025
*Counsel for Plaintiffs–Appellees*
