[ORAL ARGUMENT NOT YET SCHEDULED]

No. 25-5124

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., *et al.*,

*Plaintiffs–Appellees*,

v.

DONALD J. TRUMP, IN HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED STATES, *et al.*,

*Defendants–Appellants*.

_____

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:25-cv-00766
Hon. James E. Boasberg

## PLAINTIFFS-APPELLEES' RESPONSE TO MOTION FOR LEAVE TO INTERVENE AND MOTION TO UNSEAL

Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
My Khanh Ngo
Cody Wofsy
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Lee Gelernt
  *Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor

Tel.: (415) 343-0770  
Fax: (332) 220-1702  

Arthur B. Spitzer  
Scott Michelman  
Aditi Shah  
AMERICAN CIVIL LIBERTIES  
   UNION FOUNDATION OF  
   THE DISTRICT OF COLUMBIA  
529 14th Street, NW, Suite 722  
Washington, D.C. 20045  
Tel.: (202) 457-0800  

Kathryn Huddleston*  
AMERICAN CIVIL LIBERTIES  
   UNION FOUNDATION  
915 15th Street, NW, 7th Floor  
Washington, D.C. 20005  
Tel.: (212) 549-2500  

*Barred in Texas and Arizona only;  
supervised by a member of the D.C. Bar*

New York, NY 10004  
Tel.: (212) 549-2660  
Fax: (332) 220-1702  
lgelernt@aclu.org  

Brian Netter  
Bradley Girard  
Christine L. Coogle  
DEMOCRACY FORWARD  
   FOUNDATION  
P.O. Box 34553  
Washington, D.C. 20043  
Phone: (202) 448-9090  
Fax: (202) 796-4426  

*Counsel for Plaintiffs–Appellees*

Paul Dorsey ("Proposed Intervenor") seeks to intervene to reveal the names of the five original plaintiffs in this litigation.[1] Mot. to Intervene 2. Revealing Plaintiffs' identities in connection with this litigation—which includes information about their asylum claims—risks severe and irreparable harm. The Court should affirm the district court's decision to allow Plaintiffs to proceed with initials. March 15, 2025 Minute Order.[2]

As explained in Plaintiffs' motion to proceed under pseudonym in the district court, Plaintiffs are asylum seekers. Dist. Ct. Dkt. No. 100. The district court's grant of the motion was proper in light of the grave risks to Plaintiffs and their families from disclosure of Plaintiffs' identities in connection with their asylum claims. Details about the political, gender-based, and sexuality-based violence they faced in Venezuela were included in the pleadings. Accordingly, both Plaintiffs and their families face a serious risk of persecution if the details of their asylum claims are publicly linked to their identity. *See P.A.-V. v. Bondi*, --- F.4th ----, 2025 WL 2206152,

---

[1] The *J.G.G.* case before Chief Judge Boasberg has resulted in two separate appeals. This appeal involves a contempt proceeding. Here, Proposed Intervenor has sought to uncover the identities of the original named plaintiffs. The other appeal involves the merits of facilitating habeas petitions for individuals removed to CECOT under the AEA. No. 25-05217. In that appeal, Proposed Intervenor has sought to uncover the identities of the amended named plaintiffs and their next friends.

[2] Proposed Intervenor's contention that Plaintiffs waived their right to proceed pseudonymously relies on a mistake of fact. Plaintiffs filed a motion to proceed under pseudonym concurrently with their complaint. That motion is, as of April 24, publicly available on the district court docket at Dkt. No. 100.

1

at *1 n.1 (7th Cir. Aug. 4, 2025) (fear of retaliation to petitioner and family in home country sufficient to allow petitioner to litigate with a pseudonym); *Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (allowing asylum petitioner to use pseudonym in order to protect family abroad from reprisals); *M.A. v. Mayorkas*, No. 23-cv-1843, 2023 WL 5321924, at *2 (D.D.C. July 6, 2023) (holding that presence of details regarding petitioners' asylum claims in the complaint weighed in favor of pseudonymity).

In contrast, the public's interest in this case can be satisfied without revealing the identities of the specific individuals among the class who brought this federal case—and, therefore, are connected to these asylum claims. The case is not under seal and nearly all of the filings—except those with information sealed at the government's request—are available to the public. As the district court held when considering a substantively similar Doe motion filed after *J.G.G.* was amended, Plaintiffs' "privacy and safety concerns" outweigh the public's countervailing interest in learning Plaintiffs' identities. *J.G.G. v. Trump*, No. 25-cv-766, 2025 WL 1352316, at *1 (D.D.C. May 8, 2025).[3]

---

[3] Proposed Intervenor's motion was procedurally improper. It was not until more than a month *after* filing this motion in the circuit that Proposed Intervenor moved to intervene and challenge pseudonymity in the district court. Dist Ct. Dkt. Nos. 154, 156. The district court denied that motion. July 7, 2025 Minute Order. Proposed Intervenor did not appeal that decision. Mot. to Intervene 3 ("[T]his motion is NOT an appeal"). He later acknowledged that he could have filed (and did file) his motion in district court. Dist. Ct. Dkt. No. 156. *See* D.C. Circuit Rule

The only information that remains under seal is Plaintiffs' names. But the district court determined, after balancing "the relevant factors," that pseudonymity was proper. Mar. 15, 2025 Minute Order. Proposed Intervenor faults the district court's failure to expressly list those factors. But Chief Judge Boasberg is well aware of the proper factors. *See Jones v. Trump*, No. 25-cv-401, 2025 WL 485419, at *2-3 (D.D.C. Feb. 13, 2025) (Boasberg, C.J., applying *In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019), factors); *Doe v. Noem*, No. 25-cv-769, 2025 WL 958249, at *2-3 (D.D.C. Mar. 31, 2025) (same); *Brown Rudnick LLP v. Doe*, No. 25-cv-853, 2025 WL 1287046, at *3-4 (D.D.C. Apr. 9, 2025) (same). More importantly, there is no reason for a remand for him to apply the relevant factors. Chief Judge Boasberg subsequently issued an opinion in the same district court case explaining why it would be improper to unseal the amended plaintiffs' names based on these factors, and that reasoning applies equally here; indeed, it is the same Proposed Intervenor. *J.G.G.*, 2025 WL 1352316, at *1-3. Repeating his reasoning would serve little purpose.

For the foregoing reasons, the Court should deny the motion to intervene and motion to unseal.

---

47(c) (motion to unseal should be decided by appellate court in the first instance only "when the interests of justice require").

| | |
|---|---|
| Date: August 22, 2025 | Respectfully submitted, |
| | /s/ *Lee Gelernt* |
| Evelyn Danforth-Scott | Lee Gelernt |
| Spencer Amdur |    *Counsel of Record* |
| Noelle Smith | Daniel Galindo |
| Oscar Sarabia Roman | Ashley Gorski |
| My Khanh Ngo | Patrick Toomey |
| Cody Wofsy | Omar Jadwat |
| AMERICAN CIVIL LIBERTIES | Hina Shamsi |
|    UNION FOUNDATION | AMERICAN CIVIL LIBERTIES |
| 425 California Street, Suite 700 |    UNION FOUNDATION |
| San Francisco, CA 94104 | 125 Broad Street, 18th Floor |
| Tel.: (415) 343-0770 | New York, NY 10004 |
| Fax: (332) 220-1702 | Tel.: (212) 549-2660 |
| | Fax: (332) 220-1702 |
| Arthur B. Spitzer | lgelernt@aclu.org |
| Scott Michelman | |
| Aditi Shah | Brian Netter |
| AMERICAN CIVIL LIBERTIES | Bradley Girard |
|    UNION FOUNDATION OF | Christine L. Coogle |
|    THE DISTRICT OF COLUMBIA | DEMOCRACY FORWARD |
| 529 14th Street, NW, Suite 722 |    FOUNDATION |
| Washington, D.C. 20045 | P.O. Box 34553 |
| Tel.: (202) 457-0800 | Washington, D.C. 20043 |
| | Phone: (202) 448-9090 |
| Kathryn Huddleston* | Fax: (202) 796-4426 |
| AMERICAN CIVIL LIBERTIES | |
|    UNION FOUNDATION | |
| 915 15th Street, NW, 7th Floor | |
| Washington, D.C. 20005 | |
| Tel.: (212) 549-2500 | |
| | |
| *Barred in Texas and Arizona only; supervised by a member of the D.C. Bar* | |
| | *Counsel for Plaintiffs–Appellees* |

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 792 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced and easy-to-read typeface using Microsoft Word in 14-point size font.

/s/ *Lee Gelernt*
Lee Gelernt
August 22, 2025
*Counsel for Plaintiffs–Appellees*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing Response with the Clerk for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Lee Gelernt*
Lee Gelernt
August 22, 2025
*Counsel for Plaintiffs–Appellees*