Oral Argument Not Yet Scheduled

## No. 25-5124

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

J.G.G., et al.,
*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,
*Defendants-Appellants*.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:25-cv-00766
The Hon. James E. Boasberg

**MOVANT'S REPLY TO
PLAINTIFFS-APPELLEES' RESPONSE TO MOTION FOR LEAVE TO
INTERVENE AND MOTION TO UNSEAL**

PAUL M. DORSEY
*Pro-Se*
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081
*p.dorsey@comcast.net*

RECEIVED SEP - 4 2025 UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT

Plaintiffs stated: "[a]s explained in Plaintiffs' motion to proceed under pseudonym in the district court ..." (*Response* at 1). Accordingly, this reply can properly address the merits of that previously sealed motion (ECF_#100) for the first time. *See* FRAP 27(a)(4) ("A reply must not present matters that do not relate to the response").

## Argument

**Intervention:**

This movant's motion to intervene was first filed in this court pursuant to D.C. Circuit Rule 47(c) (motivated by Plaintiffs' sealed motion, the district court's minute order granting that motion AND the specter of Plaintiffs imminent return to the Supreme Court under pseudonyms based on such sparse judicial support). It was procedurally proper and tactically prudent.

Any purported procedural cloud associated with this movant's filing a similar motion in the district court would belong in that court. Furthermore, the district court's minute order that denied the intervention ("[movant] does not satisfy the test set forth in Fed. R. Civ. P. 24") – didn't mention any procedural improprieties. Accordingly, any possible procedural issues, whether in this court or the district court have been cured.

**Pseudonyms:**

Legal standard: This court uses the five-factor *James* test, as first described in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). *See Sandberg v. Vincent*, 319 F. Supp. 3d 422, 426 (DC Cir. 2018). This court will also accept other factors "as long as these factors inform the ultimate balancing of the public and private interests at stake." *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir 2019).

1.-The first *James* test-factor is "whether the justification asserted by the requesting party ... is to preserve privacy in a matter of sensitive and highly personal nature." *James,* 6 F.3d at 238.

> "That [first] factor commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."

*In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020),

This court should not be fooled by Plaintiffs' argument that artfully blurs the first factor (preserving privacy in sensitive, highly personal matters) with the second factor (risk of physical or mental harm). *See* Motion for Pseudonyms, ECF_#100 at 2–4.

Despite the Plaintiffs' frequently repeated claim that their filings contain "sensitive, personal information," a review of the Plaintiffs' filings reveals that for at least four of the five plaintiffs, no sensitive, personal information of the kind this court traditionally recognizes under this factor is revealed.

The one possible outlier, G.F.F. is described as a "trans person" (ECF_#100 at 3) who "has always known that they [sic] wanted to be like the women around them [sic] and wear their clothes." *id*  Also, most importantly - G.F.F "wants to live their [sic] life openly as a trans women" *id*.  That last disclosure about living openly effectively destroys the required "preserving privacy" portion of the first *James* factor.

With regard to the other four plaintiffs' promised "sensitive, personal information," their back-stories (per their Complaint (ECF_#1, ¶¶9-13 at 3-5), their Amended Complaint (ECF_#101, ¶¶19-23 at 7-8), their Motion to Proceed Under Pseudonyms (ECF_#100 at 3-4) and their Declarations (ECF_#3-3 thru #3-8 and also ECF_#100 at 11-22)) simply do not reveal intimate or sensitive personal information of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." *M.A. v. Mayorkas*, No. 23-cv-1843, 2023 WL 5321924, at *2.

Plaintiffs use the word "sensitive" to link all asylum claims under the protective umbrella of *James'* first factor.  *See* ECF_#100 at 5 ("federal immigration regulations reflect this concern for the sensitivity of asylum applications and the attendant need for confidentiality").  They cite 8 C.F.R. §208.6 and §1208.6.

4

In reality, federal immigration regulations reflect America's long standing tradition of open courts. To wit, while those two virtually identical regulations forbid government disclosure of "information" (eg – the applicant's name) contained in an asylum application during the asylum application process (*see id* ¶¶ (a) and (b)), they specifically authorize disclosure of that information during <u>any</u> court action relating to an alien's custody status. *See id* ¶(d)(1) ("Any information contained in an application for … asylum … **may be disclosed**: [ ] (vi) As part of the Government's defense of any legal action relating to the alien's … custody status …") *See also* ¶(d)(2) ("If information **may be disclosed** under paragraph (d)(1) … the disclosure provisions in paragraphs (a), (b), and (c) … shall not apply"). **Bolding** added.

Plaintiffs also cite *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008). *Anin* very much supports this movant's reading of federal regulations and open courts: the case involves an asylum seeker who's privacy rights under 8 C.F.R. 208.6 were violated by government investigators during her asylum process. The court did not grant Anin pseudonym status, as proven by the opening sentence of the opinion ("Dorothy Anim, a citizen of Cameroon, petitions for review of the denial of her application for asylum and other relief.")

This movant examined Plaintiffs' filings, searching for passages that could properly be considered "sensitive, highly personal information." They do not exist.

Accordingly, this first factor favors disclosure.

2.-The second *James* test-factor is "whether identification poses a risk of <u>retaliatory</u> physical or mental harm to the requesting party or even more critically, to innocent non-parties" *James v. Jacobson*, 6 F.3d at 238. Underlining added. Plaintiffs falsely represent the second factor as "whether the plaintiff has a reasonable expectation of 'physical or mental harm' (Motion for Pseudonyms, ECF 100 at 2).

(Spoiler alert! – while Plaintiffs establish the expectation of physical or mental harm for each plaintiff, they fail to establish a risk of <u>retaliatory</u> physical or mental harm for any plaintiff).

Despite the Plaintiffs' claim that they fear retributive violence in Venezuela, ("(4) Plaintiffs fear that, should their information become public … they would likely become victims of retributive violence in Venezuela") *id* at 1, a review of the five declarations reveals that none of the five declarations actually mention a plaintiff fearing retributive violence in Venezuela. To be sure, each declaration mentions a fear of violence in Venezuela if they were returned – but not retributive violence (or even *James'* "retaliatory physical or mental harm"). This makes a difference. *See Doe v. Von Eschenbach* No. 06-2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007) ("Moreover, the Affidavits do not allege retaliation for filing a lawsuit. Under *Qualls* [*v. Rumsfeld*, 228 F.R.D. 8 (D.D.C.2005)], this is

6

insufficient. '[W]hile each declaration alleges retaliation ... none alleges retaliation in connection with bringing suit in court.' 288 F.R.D. at 11." ).

The declarations:

**J.G.G.**:   The <u>only</u> discussion of violence in J.G.G.'s declaration is in paragraph 2 (ECF_#100, ECF_pgs 11-12, ¶2) which states in pertinent part "I fear that the Venezuelan police and government will target me because of my actual/imputed political opinion, my familial connection to my stepfather who is a known political dissident, and because the U.S. government erroneously suspects that I am a Tren de Aragua member."

Discussion:   J.G.G. admits/alleges that he has suffered violence in Venezuela. That violence predates his entry into the US. His expressed fears of future violence in Venezuela, based on his past experience (as alleged) are no doubt relevant to a run-of-the-mill asylum hearing, which may or may not include Convention Against Torture (CAT) protection protocols.

But this is not an asylum hearing. This is an AEA removal hearing in which this declarant is trying to proceed under pseudonym. And the fact of the matter is that J.G.G. has not expressed a fear of violence based on retaliation for his filing of this lawsuit.

More importantly, from a practical standpoint, is that regardless of whether or not the public learns of J.G.G.'s identity, the US government already knows his

7

name and if J.G.G. is removed, his true identity and the circumstances surrounding his removal under the President's Proclamation will become known to Venezuela. One final note – J.G.G. is the only plaintiff who expressed any fear of violence on account of being erroneously suspected of being a Tren de Aragua member.

**W.G.H.:** The <u>only</u> discussion of fear and/or violence in W.G.H.'s declaration is in paragraphs 3, 11 and 12 (ECF #100 at ECF pgs 13-14, ¶¶3, 11-12).

Discussion: Like J.G.G., W.G.H. alleges past problems in Venezuela and a fear of future problems ("I am extremely afraid to be returned to Venezuela"). W.G.H. (unlike J.G.G.) was extorted and threatened. W.G.H. (unlike J.G.G.) does not explicitly state that his fear is based on past incidences of extortion and being threatened in Venezuela, but it's clearly implied. Either way, W.G.H. does not claim that future extortion and threatening will be triggered by his identification with this lawsuit.

**W.G.H.'s attorney** (Molly Lauteback): The <u>only</u> discussion of fear and/or violence in Lauteback's declaration is in paragraph 8 (*id* at ECF pgs 15-17, ¶8).

Discussion: Unlike W.G.H.'s Declaration, his attorney does not even allege any actual past problems in Venezuela. Attorney Lauteback only claims W.G.H.

8

has a fear of harm and mistreatment. She does not claim, let alone establish, that W.G.H.'s identification with this lawsuit poses a risk of retaliatory physical or mental harm to him.

**J.A.V.**: The only discussion of fear and/or violence in the fourth declaration is in paragraphs 3, 5 and 13 (*id* at ECF pgs. 18-19, ¶¶3, 5 and 13).

Discussion: Like declarations from J.G.G./W.G.H./W.G.H.'s attorney, J.A.V. alleges past problems in Venezuela (a bare-bones "I was victimized by that group"). Like them, J.A.V. fears future harm should he be returned to Venezuela. Alas, like the other Declarants, J.A.V. does not claim, let alone establish, that his identification with this lawsuit would pose a risk of retaliatory physical or mental harm.

**G.F.F.'s attorney (Grace Carney)**: The only discussion of fear and/or violence in G.F.F.'s affirmation is in paragraphs 3 and 20 (*id* at ECF pgs 20-22, ¶¶3, 20).

Discussion: From Attorney Carney (G.F.F.'s attorney) invoking of C.A.T protocols , a reasonable reader could infer that J.F.F. (like J.G.G./W.G.H./J.A.V.) had past problems in Venezuela. Attorney Carney's Affirmation also states an anxiety (a/k/a "fear") from G.F.F. about future persecution should he be returned to

9

Venezuela. But, once again, the provided affirmation does not claim, let alone establish, that G.F.F.'s identification with this lawsuit would pose a risk of retaliatory physical or mental harm.

**J.G.O.**: No declaration was provided in the Motion for Pseudonyms (ECF_#100). Therefore, there is NO evidence to support any claim of retaliatory harm. A declaration (ECF_#3-5) from his attorney has nine irrelevant paragraphs. The Amended Complaint (ECF_#101, ¶23 at 8) indicates some speculative fear by J.G.O. based on past political activities and NOT on retaliatory harm.

**Plaintiffs' Families:** Plaintiffs' Motion states in a section header: " … Disclosure Could Result in Physical or Mental Harm to Plaintiffs and Their Families" (see "Section A" header, ECF 100 at 3). This reference to families is encompassed in the back half of the second *James* test-factor: "whether identification poses a risk … to innocent non-parties"

Despite the mention of plaintiffs' families, no other support is provided – not in the short descriptions given for each plaintiff or in their Declarations. None of the Declarations even mention, let alone establish, a concern about physical or mental harm to the families:

J.G.G. mentions "a stepfather who is a known political dissident" (*id* at ECF pg 11, ¶2). Nowhere does he express any concerns about the stepfather's safety. W.G.H. mentions his "wife and stepdaughter at a homeless shelter in Brooklyn" (*id*

10

at ECF pg 13, ¶4). Nowhere does he express any concerns about the wife's or stepdaughter's safety. W.G.H.'s attorney mentions his wife (*id* at ECF pg 15, ¶9). Nowhere does Molly express any concerns about the wife's safety. J.A.V. doesn't even mention his family, let alone any concern about their safety (*id* at ECF pgs 18-19, ¶¶1 - 14), but manages to mention his concerns about his health and his missed medications (*id* at ECF pg 18, ¶12). G.F.F. mentions his family and an older brother, who he later abandoned in Chicago (*id* at ECF pg 20, ¶¶2, 4). Nowhere does he express any concern about his family's or his abandoned brother's safety.

Accordingly, this second factor favors disclosure.

3.-The third *James* test-factor is "the ages of the persons … to be protected." The Plaintiffs do not claim underage status. Accordingly, this factor favors disclosure.

4.-The fourth *James* test-factor is "whether the action is against a governmental or private party." *See In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020) ("As many courts have recognized, there is a heightened public interest when an individual or entity files a suit against the government."). Here the historic first invocation of the invasion portion of the AEA in 237 years along with an extraordinary, ongoing confrontation between the Executive and Judicial Branches has created enormous public interest in this case. Accordingly, this

11

factor strongly favors disclosure. But *see* Chief Judge Boasberg's *Opinion and Order*, ECF_#117 at 4 ("the fourth factor weighs <u>slightly</u> against pseudonymity as well"). Underlining added.

 5.-The fifth *James* test-factor is "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." Here, Plaintiffs have all denied being members of Tren de Aragua. If the public knew their true identities, instead of having them cloaked in pseudonyms, patriotic citizens in-the-know could come forward to dispute that central argument. Accordingly, this factor favors disclosure.

 6.-Another factor to be considered is from the 2nd Circuit's ten factor list – "(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff* 537 F.3d at 190. This factor echoes in the fifth *James* test-factor above, but with a reverse twist – if the public knew the plaintiffs true identities, it could better determine if the executive branch is improperly labeling illegal immigrants (or depending on ones perspective, "asylum seekers") as enemy aliens.

 7.-Another factor to be considered is also from the 2nd Circuit's ten factor list – "(7) whether the plaintiff's identity has thus far been kept confidential" (*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2nd Cir. 2008).

G.F.F.'s true name has already been effectively disclosed by his attorneys' filings in the district court (*see* ECF_#100, Carney Affirmation pgs 20-23). Specifically, *see* ¶4 ("G.F.F initially entered the US ... on or about May 15, 2024"); ¶5 ("G.F.F. was detained by ICE on December 6, 2024, following an ICE raid at apartment party he attended in the Bronx. Approximate[ly] 50 people were in attendance... ") and ¶8 ("ICE also filed a *NY Post* article describing the arrest, wherein G.F.F. was identified as a gang member.") Also, see the Amended Complaint, ECF_#101, ¶21 on page 7 ("Plaintiff G.F.F. is a 21-year-old").

Entering "ICE raid Bronx December 2024" in DuckDuckGo, yields a *NY Post* article that describes a December 5th ICE raid. S*ee https://perma.cc/RE5M-P6ZA*.

Five individuals are identified, the last one: "[y]et another migrant gangbanger busted in the raid, 21-year-old [REDACTED-BY-MOVANT], was being processed for deportation after getting caught at the border in May." The details all match to G.F.F., conclusively establishing G.F.F's true identity. The entire process took under three minutes. Accordingly, this factor favors disclosure.

## Conclusion

For the above reasons, this court should:

1) Immediately grant limited intervention status to Paul M. Dorsey for the purpose of challenging plaintiffs' pseudonym status; and

2) Immediately remove plaintiffs-appellees' pseudonym status without referral back to the district court;

Or – should this court refer this matter back to the district court against the wishes of the plaintiffs, this movant AND the Supreme Court ("lower courts should address AEA cases expeditiously"), then

2A) Refer this matter to the district court with instructions that Paul M. Dorsey is to be granted limited intervention status and be fully heard on Plaintiffs' pseudonym-status.

Respectfully Submitted,

*Paul M Dorsey*   9·3·25

Paul M. Dorsey, *pro-se*
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081
*p.dorsey@comcast.net*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because this document contains 2,599! words as measured by the word-processing system used to prepare this brief, excluding exempted parts.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced and easy-to-read typeface using Microsoft Word97 14-point Times New Roman font.

Dated: September 3, 2025

_Paul M Dorsey_
Paul M. Dorsey

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I mailed via United States Postal Service Express Priority Mail, fully postage paid the foregoing motions and certificates to the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit. The Clerk will upload the motions and certificates in the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and they will receive this motion and certificates via the appellate CM/ECF system.

In addition, I mailed via electronic mail to the following participants and the listed addresses below:

## PLAINTIFFS-APPELLEES

Lee Gelernt (D.D.C. Bar No. NY0408)    lgelernt@aclu.org
Daniel Galindo (D.D.C. Bar No. NY035)  dgalindo@aclu.org
Ashley Gorski                           agorski@aclu.org
Patrick Toomey                          ptoomey@aclu.org
Omar Jadwat                             ojadwat@aclu.org
Hina Shamsi (D.D.C. Bar No. MI0071)    hshamsi@aclu.org

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004-2400

Continued on Next page

CERTIFICATE OF SERVICE (Continued)

| | |
|---|---|
| Noelle Smith | nsmith@aclu.org |
| Oscar Sarabia Roman | osarabia@aclu.org |
| My Khanh Ngo | mngo@aclu.org |
| Cody Wofsy | cwofsy@aclu.org |
| Evelyn Danforth-Scott | edanforth-scott@aclu.org |
| Spencer Amdur | samdur@aclu.org |

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

---

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | aspitzer@acludc.org |
| Scott Michelman (D.C. Bar No. 1006945) | smichelman@acludc.org |
| Aditi Shah (D.C. Bar No. 90033136) | ashah@acludc.org |
| Kathryn Huddleston | khuddleston@aclu.org |

c/o AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF THE DISTRICT OF COLUMBIA
915 15th Street, NW, 7th Floor
Washington, D.C. 20005

---

| | |
|---|---|
| Bradley Girard (D.C. Bar No. 1033743) | bgirard@democracyforward.org |
| Christine L. Coogle (DC Bar No. 1738913) | ccoogle@democracyforward.org |
| Brian Netter (DC Bar No. 979362) | bnetter@democracyforward.org |

c/o DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043

Continued on Next Page

## CERTIFICATE OF SERVICE (Continued)

### DEFENDANTS-APPELLANTS

| | |
|---|---|
| Drew C. Ensign<br>Anthony P. Nicastro<br>PO Box 878<br>Ben Franklin Station<br>Washington, DC 20044-0878 | drew.c.ensign@usdoj.gov<br>not available |
| Tiberius T. Davis<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20004 | tiberius.davis@usdoj.gov |
| Brett Shumate<br>U.S. Department of Justice, Civil Division<br>51 Louisiana Avenue, NW<br>Washington, D.C. 20001 | brett.a.shumate@usdoj.gov |
| Ernesto H. Molina, Jr.<br>August E. Flentje<br>U.S. Department of Justice, Civil Division<br>PO Box 868<br>Ben Franklin Station<br>Washington, DC 20044 | ernesto.h.molina@usdoj.gov<br>august.flentje@usdoj.gov |

*(signed)* Paul M. Dorsey

Paul M. Dorsey
*Pro-se*

September 3, 2025

